**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SIERRA ORTIZ,

        Plaintiff,

v.                                                         No. CV 20-190 SMV/CG

LAS CRUCES PUBLIC SCHOOLS, et al.,

        Defendants.

### STIPULATED PROTECTIVE ORDER GOVERNING AUTHORIZATIONS FOR RELEASE OF INFORMATION AND FOR PRODUCTION OF PLAINTIFF'S PRIVATE INFORMATION

**THIS MATTER** is before the Court upon the stipulation of the parties to provide for the Court's control over Defendants' use of various authorizations signed by Plaintiff Sierra Ortiz, and Defendants' use of private information obtained by using said various authorizations. The Parties stipulate and the Court hereby orders as follows:

    1.    This Order applies to each and every Defendant in this case and operates to protect Plaintiff Sierra Ortiz.

    2.    Plaintiff shall sign an authorization for Defendants' use in this case (hereinafter, "Authorization") to independently obtain copies of Plaintiff's mental health records and educational records (hereinafter "Protected Documents.")

    3.    Except by agreement of counsel, or by order of this Court, no Protected Documents shall be requested for dates prior to 2016.

    4.    So that Plaintiff has knowledge of what Protected Documents are being requested for Defendants' use and an opportunity to intervene and raise any necessary objection, **counsel for Defendants shall "cc:" Plaintiff's counsel with a true copy of each and every request for Protected Documents, at the same time that request is sent, including a copy of the Authorization itself.**

5. At the requesting Defendants' expense, counsel for Defendants shall provide Plaintiff's counsel with a true copy of all Protected Documents received through the use of any Authorization within ten (10) business days of receipt of those documents.

6. The requesting Defendant stipulates that any Protected Documents the requesting Defendant obtains from any records custodian in accordance with this Order are "authentic" for purposes of Rule 11-1003 NMRA.

7. Defendants and counsel for Defendants shall not use any Authorization for the purpose of engaging in any *ex parte* communications with any medical provider or school administrator or educator or their staff, other than communications solely pertaining to a request for Protected Documents.

8. Defendants and counsel for Defendants shall be responsible for the reasonable use of the Authorization as follows:

    a) The Authorization shall only be used for investigation by Defendants into matters relevant to this case.

    b) Neither the Authorization nor any document obtained through the use of any Authorization shall be distributed or published in any forum or medium, except for the limited purpose of a mediation/settlement conference, deposition, or trial in this case.

    c) Except as provided herein, Defendants and counsel for Defendants shall strictly maintain the confidentiality of the Protected Documents, including all information contained therein, and shall not disclose any Protected Documents or information contained therein to any person or entity that is not a party to this case.

9. Counsel for Defendants are permitted to disclose Protected Documents to Defendants' insurer(s) providing coverage for Plaintiff's claim, provided that Defendants'

insurer(s) agrees to strictly adhere to all protections stated in this Order:

      a)      By sending Protected Documents or information contained therein to its insurer, Defendants and counsel for Defendants warrant they have provided a copy of this Order to the insurer(s), and the insurer(s) has agreed to be bound by the terms of this Order.

      b)      From the point of entry of this Order forward, the insurer(s) shall not disclose, disseminate, or "upload" any information concerning Plaintiff to any third-party database, such as the ISO database of claims or the MIB database.

      c)      By receiving Protected Documents or information contained therein, Defendants' insurer(s) agrees to be bound to this Order and subject to the jurisdiction of this Court for the purpose of enforcing this Order.

10. At the close of litigation, all hard copies of records shall be returned to Plaintiff's counsel; all electronic records shall be destroyed, with written confirmation from Defendants' counsel of compliance with this requirement.

11. This Court shall have continuing jurisdiction over the subject matter of this Order and over all parties covered by this Order, including Defendants' insurer(s) pursuant to Paragraphs 8 and 9 herein.

      **IT IS SO ORDERED**.

Dated: ___10/19/2021_____

                                          _____  
                                          THE HONORABLE CARMEN E. GARZA  
                                          CHIEF UNITED STATES MAGISTRATE JUDGE

Submitted by:

/s/ Mollie C. McGraw
Mollie C. McGraw, Esq.
Amanda S. Carmody, Esq.
McGraw & Strickland, LLC
165 W. Lucero Avenue
Las Cruces, NM 88005
(575) 523-4321
Mollie@lawfirmnm.com
Amanda@lawfirmnm.com

*Attorney for Plaintiff*

Approved by:

*Electronically Approved on 10-6-21*
_____
Ann L. Keith, Esq.
STIFF, KEITH & GARCIA, LLC
500 Marquette Ave. NW, Ste. 1400
Albuquerque, New Mexico 87102
(505) 243-5755
akieth@stifflaw.com

and

Cody R. Rogers, Esq.
Jarmie & Rogers
2540 El Paseo, Suite D
Las Cruces, NM 88001
crogers@jarmielaw.com

*Attorneys for Defendant Patrick Howard*


*Electronically Approved on 10-5-21*
_____
Bryan Evans, Esq.
Atwood, Malone, Turner & Sabin, P.A.
P.O. Drawer 700
Roswell, NM 88202-0700
(575) 622-6221

*Attorneys for Defendant Las Cruces Public Schools*

4